FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

2014 MAY -1  PM 1: 39

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____KCC
DEPUTY

**RAUL VALENCIA-MAZARIEGOS,**
            **Movant,**

-vs-                                              **Case Nos.  A-14-CV-338-SS**
                                                              **A-09-CR-228-SS**

**UNITED STATES OF AMERICA,**
                  **Respondent.**

_____

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Raul Valencia-Mazariegos's "Motion to Vacate Sentence Under 28 U.S.C. § 2255(F)(3); Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*" [#1]. Valencia-Mazariegos primarily challenges the sentence he received in Cause No. 90-CR-354(12) from the United States District Court for the District of Oregon. After consideration of the motions, they are denied in part and dismissed in part, as explained below.

**Background**

Valencia-Mazariegos was convicted of possession of firearms by a convicted felon in the District of Oregon in Cause No. 3:90-CR-354(12). On July 29, 1991, he was sentenced to 210 months in the Bureau of Prisons followed by a five-year term of supervised release. Valencia-Mazariegos's conviction was affirmed on August 26, 1992. *Valencia-Mazariegos v. United States*, No. 91-30286 (9th Cir. 1992). His petition for writ of *certiorari* was denied January 11, 1993. *Valencia-Mazariegos v. United States*, 506 U.S. 1066 (1993). Valencia-Mazariegos also challenged his conviction in a motion filed pursuant to 28 U.S.C. § 2255. The Oregon court denied the motion

on November 13, 1998. *Valencia-Mazariegos v. United States*, No. 90-CR-354(12) (D. Ore. 1998) (Dkt. #801).

After Valencia-Mazariegos served his sentence, he was released from prison on January 24, 2006, and was deported from this country on February 3, 2006. Less than two years later, he was arrested in Austin, Texas, on January 4, 2008. As a result, Valencia-Mazariegos was convicted in a judicial district court in Travis County, Texas, in Cause No. D-1-DC-08-300066, and sentenced to five years in prison on December 5, 2008. He was also convicted in this Court in Cause No. A-08-CR-217-SS for possessing a firearm and ammunition by a felon and illegally reentering the country after being deported. For these crimes, this Court sentenced Valencia-Mazariegos on June 12, 2009, to a term of imprisonment of 120 months. Later that month on June 29, 2009, in Cause No. A-09-CR-228-SS, this Court revoked Valencia-Mazariegos's supervised release originally imposed in the Oregon case. This Court sentenced Valencia-Mazariegos to a term of imprisonment of 60 months to be served consecutively to his 120-month sentence for a total of 180 months. Valencia-Mazariegos appealed the 60-month sentence he received on revocation of his supervised release. The Fifth Circuit Court of Appeals affirmed the sentence on May 26, 2010. *Valencia-Mazariegos v. United States*, Nos. 09-50615 and 09-50625 (5th Cir. 2010).

Now before the Court is Valencia-Mazariegos's "Motion to Vacate Sentence Under 28 U.S.C. § 2255(F)(3); Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*." Valencia-Mazariegos argues the original sentence imposed in Oregon was invalid. According to Valencia-Mazariegos, his sentence was enhanced under the Armed Career Criminal Act based on prior convictions for burglary in California. Pursuant to *DesCamps v. United*

*States,* ___ U.S. ___,133 S. Ct. 2276 (2013), Valencia-Mazariegos argues the enhancement is now invalid.[1]

## Analysis

Construing Valencia-Mazariegos's motion liberally, as the Court must, it challenges not only his original sentence out of the District of Oregon but also this Court's judgments and sentences in Cause Nos. A-08-CR-217-SS and A-09-CR-228-SS.

1.      *Challenges to the District of Oregon Sentence*

A § 2255 motion must be filed in the court in which the defendant was convicted and sentenced, which in this case would be the United States District Court for the District of Oregon. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding the district court did not have jurisdiction to construe a habeas petition as a §2255 motion where prisoner was sentenced in a different district); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (generally motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court). Similarly, to the extent Valencia-Mazariegos requests a writ of *coram nobis,* the request must be filed in the District of Oregon. The petition for writ of *coram nobis* "can be filed only in the court where the alleged errors occurred," *Mustain v. Pearson*, 592 F.2d 1018, 1021 (8th Cir. 1979), because it is in that district "where the records and government officials involved are located." *United States ex rel. Lavelle v. Fay*, 205 F.2d 294, 295 (2d Cir. 1953). *See also Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955) ("[T]he writ can issue, if at all, only in aid of the jurisdiction of the ... court in which

---

[1]In *Descamps v. United States*, which considered the meaning of "a violent felony" under the Armed Career Criminal Act, the Supreme Court held sentencing courts may not consult additional documents (the so-called modified categorical approach) "when a defendant was convicted under an 'indivisible' statute— i.e., one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense." 133 S. Ct. at 2281-82.

the conviction was had."). Likewise, a petition for writ of *audita querela* must be pursued in the sentencing court. *See* 28 U.S.C. § 1651(a) (courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions ...."). Accordingly, Valencia-Mazariegos's motions, attacking his Oregon sentence, should have been filed in the United States District Court for the District of Oregon. To the extent Valencia-Mazariegos challenges his Oregon sentence, his motions are dismissed.[2]

   2.    *Section 2255 Motion Directed to Cause No. A-09-CR-228-SS*

Valencia-Mazariegos may also be attacking the sentence he received upon the revocation of his supervised release in Cause No. A-09-CR-228-SS. Valencia-Mazariegos asserts this is his "initial 28 U.S.C. § 2255 motion, since this Court found to have jurisdiction over Petitioner's probation revocation hearing. [D.E. 852, 853] After the judgement of entry involving this Courts [sic] supervised release sentencing, this is Petitioner's first § 2255 motion." *See* Motions at i. To the extent Valencia-Mazariegos § 2255 motion is directed to the revocation of his supervised release, his motion it time-barred.

Section 2255 contains a one-year limitations period for the filing of a motion to vacate, set aside, or correct a federal sentence. *See* 28 U.S.C. § 2255(f). This limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

---

[2] The Court notes Valencia-Mazariegos also has not alleged he obtained prior approval from the Ninth Circuit Court of Appeals to file a successive § 2255 motion. Title 28 U.S.C. § 2255 provides before a second or successive motion to vacate, set aside, or correct sentence is filed in the district court, a movant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2255, 2244(b)(3).

governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

A judgment of conviction becomes final under § 2255 when either (1) direct review, if any, concludes, or (2) the time to pursue a direct review expires. *See Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000). Here, Valencia-Mazariegos's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on May 26, 2010. Valencia-Mazariegos did not file a petition for writ of *certiorari*. Therefore, his conviction became final on August 24, 2010, when the time for filing a *certiorari* petition expired. *Clay v. United States*, 537 U.S. 522, 532 (2003). Therefore, Valencia-Mazariegos's deadline to timely file a § 2255 motion was August 24, 2011. Valencia-Mazariegos executed his § 2255 motion on April 14, 2014, more than two years after the expiration of the one-year limitations period.

Valencia-Mazariegos appears to argue the limitations period did not begin to run until June 20, 2013, the date the Supreme Court issued its decision in *DesCamps v. United States*, ___ U.S. ___,133 S. Ct. 2276 (2013). Under section 2255(f)(3), the one-year limitations period is calculated from "the date on which the right asserted was initially recognized by the Supreme Court." *See Dodd v. United States*, 545 U.S. 353, 358–359 (2005) (holding if the Supreme Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from the Supreme Court's decision within which to file his motion to vacate). However, section 2255(f)(3) applies only if the right has been (1) newly recognized by the Supreme Court and (2) made retroactively applicable to cases on collateral review. *Id.* at 358. Contrary to Valencia-

Mazariegos's assertion, the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying *Descamps* retroactively to cases on collateral review. *See Randolph v. United States*, No. CCB-13-1227, 2013 WL 5960881, at * 1(D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, No. 2:11-CR-37-JHH-RRA, 2013 WL 5636686, at * 11 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, No. 5:13-CV-248-RS-EMT, 2013 WL 4502302, at * 8 (N.D. Fla. Aug. 22, 2013) (finding "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause). Therefore, Valencia-Mazariegos's § 2255 motion, to the extent he challenges his conviction and sentence in Cause No. A-09-CR-228-SS, is time-barred. The record does not reflect any unconstitutional government action impeded Valencia-Mazariegos from filing his motion prior to the end of the limitations period or show he is entitled to equitable tolling. Accordingly, his motion is dismissed.

     3.    *Writ of Coram Nobis*

Valencia-Mazariegos alternatively seeks a writ of *coram nobis*. This writ is available to petitioners who are no longer in custody and who seek to vacate a criminal conviction in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 533 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)). With regard to the sentences

imposed by this Court, Valencia-Mazariegos is not eligible for *coram nobis* relief, because he is still incarcerated.  Accordingly, Valencia-Mazariegos's motion is denied.

      4.      Writ of *Audita Querela*

Valencia-Mazariegos alternatively requests a writ of *audita querela*.  He suggests "it would only be right of this court to vacate the judgment in this case, terminate Petitioner's consecutive 5-years imprisonment for this case's supervised release violation, and possibly credit extra time Petitioner served in prison towards; the time he is currently serving [in Cause No. A-08-CR-217-SS]." *See* Motions at  14.  The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment. *See United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010) ("a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition.").  It is an open question whether the obsolescent writ survives as a post-conviction remedy.  In any case, the defense against the judgment must be based in law, not in equity. *United States v. Reyes*, 945 F.2d 862 (5th Cir. 1991).  There are no defects in this Court's judgments.  The defect of which Valencia-Mazariegos complains relates to his Oregon sentence.  Moreover, Valencia-Mazariegos cannot assert his claim in a petition for writ of *audita querela* because redress was available under § 2255. *See United States v. Banda*, 1 F.3d 354, 356 (5th Cir.1993).  Valencia-Mazariegos's inability to meet the requirements for bringing a successive § 2255 motion in the Oregon District does not render the § 2255 remedy unavailable. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).  Therefore, to the extent Valencia-Mazariegos's "Alternative Petition for a Writ of *Audita Querla*" can be construed as a challenge to the sentences this Court imposed in Cause Nos. A-08-CR-217-SS and  A-09-CR-228-SS, it is denied.

## Conclusion

To the extent Valencia-Mazariegos's motions challenge his conviction and sentence in Cause No. 3:90-CR-354(12), they should have been filed in the District of Oregon and are dismissed. To the extent Valencia-Mazariegos challenges his conviction and sentence in Cause No. A-09-CR-228-SS pursuant to 28 U.S.C. § 2255, his motion is dismissed as time-barred. To the extent Valencia-Mazariegos seeks a writ of *coram nobis* or an writ of *audita querela* with regard to his convictions and sentences in Cause Nos. A-08-CR-217-SS and A-09-CR-228-SS, his requests are denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

-8-

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Valencia-Mazariegos's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). As such, a certificate of appealability shall not issue. Accordingly,

IT IS ORDERED that Valencia-Mazariegos's "Motion to Vacate Sentence Under 28 U.S.C. § 2255(F)(3); Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*," to the extent they are construed as challenges to Valencia-Mazariegos's conviction and sentence in Cause No. 1:90-CR-354(12) out of the District of Oregon, are DISMISSED;

IT IS FURTHER ORDERED that Valencia-Mazariegos's, "Motion to Vacate Sentence Under 28 U.S.C. § 2255(F)(3)" to the extent it is construed as a challenge to Valencia-Mazariegos's conviction and sentence in Cause No. A-09-CR-228-SS out of the Western District of Texas, is DISMISSED WITH PREJUDICE as time-barred.

IT IS FURTHER ORDERED that Valencia-Mazariegos's "Alternative Petition for Writ of *Coram Nobis*," to the extent it is construed as a challenge to Valencia-Mazariegos's convictions and sentences out of the Western District of Texas, is DENIED.

IT IS FURTHER ORDERED that Valencia-Mazariegos's "Alternative Petition for Writ of *Audita Querela*," to the extent it is construed as a challenge to Valencia-Mazariegos's convictions and sentences out of the Western District of Texas, is DENIED.

IT IS FINALLY ORDERED that a certificate of appealability shall not issue.

SIGNED this the 30th day of April 2014.

_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE